UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 SISSON AVENUE, LLC | ) | |
| | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| | ) | |
| V. | ) | 3:23-CV-00903-MPS |
| | ) | |
| ARON PURETZ | ) | |
| | ) | |
| DEFENDANT | ) | JUNE 4, 2024 |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the attached was mailed on this 4th day of June, 2024 to:

Aron Puretz
43 Fenway Circle
Staten Island, New York 10308-1240

_____
Houston Putnam Lowry, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 SISSON AVENUE, LLC | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| V. | ) | 3:23-CV-00903-MPS |
| ARON PURETZ | ) | |
| DEFENDANT | ) | MAY 3, 2024 |

## EX PARTE MOTION FOR CHARGING ORDER

Plaintiff 145 Sisson Avenue, LLC moves for a charging order to enter against Defendant Aron Puretz's interest in the following entities:

Hoyt Bedford Limited Partnership
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

Hoyt Bedford Manager LLC
Agent: VCORP SERVICES, LLC
108 W. 13TH STREET-SUITE 100
WILMINGTON, DE 19801

Apex Equity Group LLC
Agent: THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

PAXE HARTFORD PORTFOLIO LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE HARTFORD PORTFOLIO GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

PAXE GARDEN LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE GARDEN GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

PAXE HARTFORD PORTFOLIO LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE HARTFORD PORTFOLIO GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

CLEMENS PLACE CT LIMITED PARTNERSHIP
526 Westchester Road
Colchester, CT 06415-2228

CLEMENS MANAGER LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

ASYLUM HILL APT LLC
Agent: VCORP SERVICES, LLC
67 Burnside Avenue
East Hartford, CT, 06108

(collectively "Entities").  Plaintiff further requests a temporary restraining order enter against Aron Puretz and Entities to prevent them from taking any actions which would defeat the effectiveness of the charging order before the court rules upon this application.

- 2 -

Houston Putnam Lowry, Esq.
Counsel for Plaintiff 145 Sisson Avenue,
LLC
FORD & PAULEKAS, LLP
280 Trumbull Street - Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 SISSON AVENUE, LLC | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| V. | ) | 3:23-CV-00903-MPS |
| ARON PURETZ | ) | |
| DEFENDANT | ) | MAY 3, 2024 |

### BRIEF RE: CHARGING ORDER

Plaintiff 145 Sisson Avenue, LLC submits this brief in support of its application for a charging order pursuant to Local Rule 7(a)(1).

### STATUTORY BASIS FOR CHARGING ORDERS

Charging orders are allowed by statute for limited liability companies.[1]  In particular, Connecticut General Statutes §34-259b provides:

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. Subject to subsection (e) of this section, a ***charging order constitutes a lien on a judgment debtor's transferable interest and***

[1] Charging orders were originally applied to general partnerships.  This has been statutorily expanded to limited partnerships and limited liability companies.

> ***requires the limited liability company to
> pay over to the person to which the charging
> order was issued any distribution that
> otherwise would be paid to the judgment
> debtor.*** To the extent that the transferable
> interest of the judgment debtor is so
> charged, the judgment creditor has only the
> right to receive any distribution or
> distributions to which the judgment debtor
> would otherwise have been entitled in
> respect of such transferable interest.
> [emphasis added]

The concept of a charging order was first raised in the

Uniform Partnership Act adopted by the National Conference

of Commissioners on Uniform State Laws in 1914.[2]  Section

28(1) provided:

> On due application to a competent court by
> any judgment creditor of a partner, the
> court which entered the judgment, order, or
> decree, or any other court, ***may charge the
> interest of the debtor partner with payment
> of the unsatisfied amount of such judgment
> debt with interest thereon***; and may then or
> later appoint a receiver of his share of the
> profits, and of any other money due or to
> fall due to him in respect of the
> partnership, and make all other orders,
> directions, accounts and inquiries which the
> debtor partner might have made, or which the
> circumstances of the case may require.
> [emphasis added]

Regrettably, the drafters failed to appreciate the

procedures for execution on a judgment are quintessentially

_____

[2] And may well have originated with the English Partnership
Act of 1890 according to the comment to the Uniform Law
Commissioners' Uniform Limited Liability Company of Act
(2006) §503.

local (and hence hard to regulate by uniform law).  There is
no uniform procedure between the states (nor is there a need
for one).  Even federal courts use the state procedure of
their situs for executing on judgments (*see* FRCP 69).
Connecticut did not have a concept of a charging order at
the time the 1914 Uniform Partnership Act was adopted and
the charging order procedure was little used (meaning no
Connecticut case law developed).

 The concept of a charging order continues to exist in
the present Connecticut enactment of the Uniform Partnership
Act at Connecticut General Statutes §34-349[3] and the

---

[3] **Partner's transferable interest subject to charging order**

 (a) On application by a judgment creditor of a partner
or of a partner's transferee, a court having
jurisdiction may charge the transferable interest
of the judgment debtor to satisfy the judgment.
The court may appoint a receiver of the share of
the distributions due or to become due to the
judgment debtor in respect of the partnership and
make all other orders, directions, accounts and
inquiries the judgment debtor might have made or
which the circumstances of the case may require.

 (b) A charging order constitutes a lien on the
judgment debtor's transferable interest in the
partnership. The court may order a foreclosure of
the interest subject to the charging order at any
time. The purchaser at the foreclosure sale has
the rights of a transferee.

 (c) At any time before foreclosure, an interest
charged may be redeemed:
  (1) By the judgment debtor;
  (2) with property other than partnership
property, by one or more of the other

- 3 -

Connecticut enactment of the Uniform Limited Partnership Act
at Connecticut General Statutes §34-30[4] (as well as under the
Limited Liability Company Act).  While little used, the
procedure is statutorily authorized.

### WHAT IS THE EFFECT OF A CHARGING ORDER?

A charging order places a lien on the judgment debtor's
interest in the limited lability company, *see Madison Hills*

---

(3)   partners; or
       with partnership property, by one or more of
       the other partners with the consent of all of
       the partners whose interests are not so
       charged.

(d)   Sections 34-300 to 34-399, inclusive, do not
       deprive a partner of a right under exemption laws
       with respect to the partner's interest in the
       partnership.

(e)   This section provides the exclusive remedy by
       which a judgment creditor of a partner or
       partner's transferee may satisfy a judgment out of
       the judgment debtor's transferable interest in the
       partnership.

[4] **Rights of judgment creditor to charge partnership interest of partner**
On application to a court of competent jurisdiction by any
judgment creditor of a partner, the court may charge the
partnership interest of the partner with payment of the
unsatisfied amount of the judgment with interest. To the
extent so charged, the judgment creditor has only the rights
of an assignee of the partnership interest. Nothing in this
chapter shall be held to deprive a partner of the benefit of
any exemption laws applicable to his partnership interest.

*Ltd. Partnership II v. Madison Hills, Inc.*, 35 Conn.App. 81,

84 (1994).

> "The UPA permits a judgment creditor of a partner
> to place a type of lien known as a charging order
> on the partner's interest in the partnership.
> General Statutes § 34-66; 1 A. Bromberg & L.
> Ribstein, Partnership (1994) § 3.05, p. 3:71. "[A]
> charging order ... is neither fish nor fowl. It is
> neither an assignment nor an attachment." *Bank of
> Bethesda v. Koch*, 44 Md.App. 350, 354, 408 A.2d
> 767 (1979). Under this procedure, a court may
> grant a judgment creditor's application and issue
> an order charging the debtor partner's interest in
> the partnership with payment of the judgment debt.
> General Statutes §34-66.  The charging order
> leaves the partnership intact but diverts to the
> judgment creditor the debtor partner's share of
> the profits. General Statutes §34-66; A.
> Weinberger, *"Making Partners Pay Child Support:
> The Charging Order at 100,"* 27 Hous.L.Rev. 297,
> 302 (1990).  The charging order replaced levies of
> execution as the remedy for reaching the interest
> of a partner. See generally J. Gose, *"The Charging
> Order under the Uniform Partnership Act,"* 28
> Wash.L.Rev. 1, 7 (1953).

*Id.* At pages 84-85.  The charging order for a limited

liability company is the same as a charging order under the

Uniform Partnership Act.

## LANGUAGE REQUIRED IN ORDER

Plaintiff 145 Sisson Avenue, LLC inserted the following

language in the charging order: "Breach of this Order upon

due application to this Court shall be considered a contempt

of this Court and may be punishable by fine or imprisonment

- 5 -

or both." Plaintiff believes such language is required by Connecticut General Statutes §52-356b(d).

**CONCLUSION**

The charging orders should be granted as requested by Plaintiff 145 Sisson Avenue, LLC.

Houston Putnam Lowry, Esq.
Counsel for Plaintiff 145 Sisson Avenue, LLC
FORD & PAULEKAS, LLP
280 Trumbull Street - Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 SISSON AVENUE, LLC | ) | |
| | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| | ) | |
| V. | ) | 3:23-CV-00903-MPS |
| | ) | |
| ARON PURETZ | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | MAY 3, 2024 |

**DRAFT CHARGING ORDER**

After the foregoing came on for a hearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   The interest of Aron Puretz in the following
entries:

Hoyt Bedford Limited Partnership
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

Hoyt Bedford Manager LLC
Agent: VCORP SERVICES, LLC
108 W. 13TH STREET-SUITE 100
WILMINGTON, DE 19801

Apex Equity Group LLC
Agent: THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

PAXE HARTFORD PORTFOLIO LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE HARTFORD PORTFOLIO GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

PAXE GARDEN LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE GARDEN GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

PAXE HARTFORD PORTFOLIO LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE HARTFORD PORTFOLIO GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

CLEMENS PLACE CT LIMITED PARTNERSHIP
526 Westchester Road
Colchester, CT 06415-2228

CLEMENS MANAGER LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

ASYLUM HILL APT LLC
Agent: VCORP SERVICES, LLC
67 Burnside Avenue
East Hartford, CT, 06108

(collectively "Entities") are charged with payment of the
unsatisfied amount of the judgment debt herein and also with
costs and interest.

2.   The Entities are directed to pay Plaintiff 145
Sisson Avenue, LLC present and future shares of any and all

- 2 -

distributions, credits, drawings, or payments due to
Defendant Aron Puretz until the judgment is satisfied in
full, including interest and costs.

3.   Until said judgment is satisfied in full,
including interest and costs, the Entities shall make no
loans to any owner or anyone else.

4.   Until said judgment is satisfied in full,
including interest and costs, the Entities shall make no
capital acquisitions without either Court approval or
approval of Plaintiff 145 Sisson Avenue, LLC.

5.   Until said judgment is satisfied in full,
including interest and costs, neither the Entities nor their
owners shall undertake, enter into, or consummate any sale,
encumbrance, hypothecation, or modification of any
partnership interest without either Court approval or
approval of Plaintiff 145 Sisson Avenue, LLC.

6.   Within ten days of service of a copy of this
Order, the Entities shall supply to Plaintiff 145 Sisson
Avenue, LLC a full, complete, and accurate copy of the
Partnership Agreement, Operating Agreement or similar
document, including any and all amendments or modifications
thereto; true, complete, and accurate copies of any and all
Federal and State income tax or informational income tax
returns filed within the past two years; balance sheets and

- 3 -

profit and loss statements for the past two years; and balance sheet and profit and loss statement for the most recent present period for which same has been computed. Further, upon ten-day notice from the Plaintiff to the Entities, all books and records shall be produced for inspection, copying, and examination in the Plaintiff's office.

7.    Until said judgment is satisfied in full, including all costs and interest thereon, all future statements reflecting cash position, balance sheet position, and profit and loss, Entities shall supply to Plaintiff 145 Sisson Avenue, LLC within thirty days of the close of the respective accounting period for which said data is or may be generated.

8.    The Order set forth in Paragraph One is exclusive of any amounts payable to Defendant Aron Puretz under a properly asserted legal exemption right if same is properly claimed within twenty days of the service of a copy of this Order. ***Breach of this Order upon due application to this Court shall be considered a contempt of this Court and may be punishable by fine or imprisonment or both.***

Upon due application, Plaintiff 145 Sisson Avenue, LLC may apply to this Court for a further modification of this Order, in the event the Plaintiff feels it has cause to seek

– 4 –

the appointment of a receiver for Partnership *Partnership*
or the sale of the debtor's interest in the Entities as
provided for by law.

    Dated at Hartford, Connecticut, this _____ day of
_____, 2024.


_____
Michael P. Shea, Chief USDJ

G:\2433 Constitution Credit LLC\007 South Green Prtfolio v. Paxe Sisson CT Lmtd Partnership loan\Federal-145 Sisson Guranty
action\Motion for partnership charging order 2024-05-02.doc

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 SISSON AVENUE, LLC | ) | |
| | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| | ) | |
| V. | ) | 3:23-CV-00903-MPS |
| | ) | |
| ARON PURETZ | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | MAY 16, 2024 |

## SECOND EX PARTE MOTION FOR CHARGING ORDER

Plaintiff 145 Sisson Avenue, LLC moves for a charging order to enter against Defendant Aron Puretz's interest in the following entities:

FHTDD, LP
Agent: Boruch Drillman
110 Hill Street-Suite 1E
Newark, New Jersey 07102

FHT Manager, LLC
Agent: Boruch Drillman
110 Hill Street-Suite 1E
Newark, New Jersey 07102

(collectively "Entities").

Houston Putnam Lowry, Esq.
Counsel for Plaintiff 145 Sisson Avenue, LLC
FORD & PAULEKAS, LLP
280 Trumbull Street - Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

- 2 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 SISSON AVENUE, LLC | ) | |
| | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| | ) | |
| V. | ) | 3:23-CV-00903-MPS |
| | ) | |
| ARON PURETZ | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | MAY 16, 2024 |

**DRAFT CHARGING ORDER**

After the foregoing came on for a hearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    The interest of Aron Puretz in the following

entries:

FHTDD, LP
Agent: Boruch Drillman
110 Hill Street-Suite 1E
Newark, New Jersey 07102

FHT Manager, LLC
Agent: Boruch Drillman
110 Hill Street-Suite 1E
Newark, New Jersey 07102

(collectively "Entities") are charged with payment of the

unsatisfied amount of the judgment debt herein and also with

costs and interest.

2.    The Entities are directed to pay Plaintiff 145

Sisson Avenue, LLC present and future shares of any and all

distributions, credits, drawings, or payments due to

Defendant Aron Puretz until the judgment is satisfied in full, including interest and costs.

3.    Until said judgment is satisfied in full, including interest and costs, the Entities shall make no loans to any owner or anyone else.

4.    Until said judgment is satisfied in full, including interest and costs, the Entities shall make no capital acquisitions without either Court approval or approval of Plaintiff 145 Sisson Avenue, LLC.

5.    Until said judgment is satisfied in full, including interest and costs, neither the Entities nor their owners shall undertake, enter into, or consummate any sale, encumbrance, hypothecation, or modification of any partnership interest without either Court approval or approval of Plaintiff 145 Sisson Avenue, LLC.

6.    Within ten days of service of a copy of this Order, the Entities shall supply to Plaintiff 145 Sisson Avenue, LLC a full, complete, and accurate copy of the Partnership Agreement, Operating Agreement or similar document, including any and all amendments or modifications thereto; true, complete, and accurate copies of any and all Federal and State income tax or informational income tax returns filed within the past two years; balance sheets and profit and loss statements for the past two years; and

- 2 -

balance sheet and profit and loss statement for the most recent present period for which same has been computed. Further, upon ten-day notice from the Plaintiff to the Entities, all books and records shall be produced for inspection, copying, and examination in the Plaintiff's office.

7.   Until said judgment is satisfied in full, including all costs and interest thereon, all future statements reflecting cash position, balance sheet position, and profit and loss, Entities shall supply to Plaintiff 145 Sisson Avenue, LLC within thirty days of the close of the respective accounting period for which said data is or may be generated.

8.   The Order set forth in Paragraph One is exclusive of any amounts payable to Defendant Aron Puretz under a properly asserted legal exemption right if same is properly claimed within twenty days of the service of a copy of this Order. **Breach of this Order upon due application to this Court shall be considered a contempt of this Court and may be punishable by fine or imprisonment or both.**

Upon due application, Plaintiff 145 Sisson Avenue, LLC may apply to this Court for a further modification of this Order, in the event the Plaintiff feels it has cause to seek the appointment of a receiver for Partnership *Partnership*

- 3 -

or the sale of the debtor's interest in the Entities as
provided for by law.

    Dated at Hartford, Connecticut, this _____ day of
_____, 2024.


                 _____
                 Michael P. Shea, Chief USDJ

G:\2433 Constitution Credit LLC\007 South Green Prtfolio v. Paxe Sisson CT Lmtd Partnership loan\Federal-145 Sisson Guranty action\2nd Motion for partnership charging order 2024-05-16.doc

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 145 SISSON AVENUE, LLC ) | |
| ) | |
| PLAINTIFF ) | CIVIL ACTION ·NO.: |
| ) | |
| V. ) | 3:23-CV-00903-MPS |
| ) | |
| ARON PURETZ ) | |
| ) | |
| DEFENDANT ) | |
| ) | MAY 16, 2024 |

**BRIEF RE: CHARGING ORDER**

Plaintiff 145 Sisson Avenue, LLC submits this brief in support of its application for a charging order pursuant to Local Rule 7(a)(1).

**STATUTORY BASIS FOR CHARGING ORDERS**

Charging orders are allowed by statute for limited liability companies.[1]  In particular, Connecticut General Statutes §34-259b provides:

> On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. Subject to subsection (e) of this section, a ***charging order constitutes a lien on a judgment debtor's transferable interest and***

[1] Charging orders were originally applied to general partnerships.  This has been statutorily expanded to limited partnerships and limited liability companies.

> ***requires the limited liability company to
> pay over to the person to which the charging
> order was issued any distribution that
> otherwise would be paid to the judgment
> debtor.*** To the extent that the transferable
> interest of the judgment debtor is so
> charged, the judgment creditor has only the
> right to receive any distribution or
> distributions to which the judgment debtor
> would otherwise have been entitled in
> respect of such transferable interest.
> [emphasis added]

The concept of a charging order was first raised in the

Uniform Partnership Act adopted by the National Conference

of Commissioners on Uniform State Laws in 1914.[2]  Section

28(1) provided:

> On due application to a competent court by
> any judgment creditor of a partner, the
> court which entered the judgment, order, or
> decree, or any other court, ***may charge the
> interest of the debtor partner with payment
> of the unsatisfied amount of such judgment
> debt with interest thereon***; and may then or
> later appoint a receiver of his share of the
> profits, and of any other money due or to
> fall due to him in respect of the
> partnership, and make all other orders,
> directions, accounts and inquiries which the
> debtor partner might have made, or which the
> circumstances of the case may require.
> [emphasis added]

Regrettably, the drafters failed to appreciate the

procedures for execution on a judgment are quintessentially

_____

[2] And may well have originated with the English Partnership
Act of 1890 according to the comment to the Uniform Law
Commissioners' Uniform Limited Liability Company of Act
(2006) §503.

— 2 —

local (and hence hard to regulate by uniform law).  There is
no uniform procedure between the states (nor is there a need
for one).  Even federal courts use the state procedure of
their situs for executing on judgments (*see* FRCP 69).
Connecticut did not have a concept of a charging order at
the time the 1914 Uniform Partnership Act was adopted and
the charging order procedure was little used (meaning no
Connecticut case law developed).

The concept of a charging order continues to exist in
the present Connecticut enactment of the Uniform Partnership
Act at Connecticut General Statutes §34-349[3] and the

---

[3] **Partner's transferable interest subject to charging order**

(a)    On application by a judgment creditor of a partner
or of a partner's transferee, a court having
jurisdiction may charge the transferable interest
of the judgment debtor to satisfy the judgment.
The court may appoint a receiver of the share of
the distributions due or to become due to the
judgment debtor in respect of the partnership and
make all other orders, directions, accounts and
inquiries the judgment debtor might have made or
which the circumstances of the case may require.

(b)    A charging order constitutes a lien on the
judgment debtor's transferable interest in the
partnership. The court may order a foreclosure of
the interest subject to the charging order at any
time. The purchaser at the foreclosure sale has
the rights of a transferee.

(c)    At any time before foreclosure, an interest
charged may be redeemed:
(1)   By the judgment debtor;
(2)   with property other than partnership
property, by one or more of the other

- 3 -

Connecticut enactment of the Uniform Limited Partnership Act
at Connecticut General Statutes §34-30[4] (as well as under the
Limited Liability Company Act).  While little used, the
procedure is statutorily authorized.

## WHAT IS THE EFFECT OF A CHARGING ORDER?

A charging order places a lien on the judgment debtor's
interest in the limited lability company, *see Madison Hills*

---

           partners; or
(3)    with partnership property, by one or more of
the other partners with the consent of all of
the partners whose interests are not so
charged.

(d)    Sections 34-300 to 34-399, inclusive, do not
deprive a partner of a right under exemption laws
with respect to the partner's interest in the
partnership.

(e)    This section provides the exclusive remedy by
which a judgment creditor of a partner or
partner's transferee may satisfy a judgment out of
the judgment debtor's transferable interest in the
partnership.

[4] **Rights of judgment creditor to charge partnership interest
of partner**
On application to a court of competent jurisdiction by any
judgment creditor of a partner, the court may charge the
partnership interest of the partner with payment of the
unsatisfied amount of the judgment with interest. To the
extent so charged, the judgment creditor has only the rights
of an assignee of the partnership interest. Nothing in this
chapter shall be held to deprive a partner of the benefit of
any exemption laws applicable to his partnership interest.

— 4 —

*Ltd. Partnership II v. Madison Hills, Inc.*, 35 Conn.App. 81, 84 (1994).

> "The UPA permits a judgment creditor of a partner to place a type of lien known as a charging order on the partner's interest in the partnership. General Statutes § 34-66; 1 A. Bromberg & L. Ribstein, Partnership (1994) § 3.05, p. 3:71. "[A] charging order ... is neither fish nor fowl. It is neither an assignment nor an attachment." *Bank of Bethesda v. Koch*, 44 Md.App. 350, 354, 408 A.2d 767 (1979). Under this procedure, a court may grant a judgment creditor's application and issue an order charging the debtor partner's interest in the partnership with payment of the judgment debt. General Statutes §34-66.  The charging order leaves the partnership intact but diverts to the judgment creditor the debtor partner's share of the profits. General Statutes §34-66; A. Weinberger, *"Making Partners Pay Child Support: The Charging Order at 100,"* 27 Hous.L.Rev. 297, 302 (1990).  The charging order replaced levies of execution as the remedy for reaching the interest of a partner. See generally J. Gose, *"The Charging Order under the Uniform Partnership Act,"* 28 Wash.L.Rev. 1, 7 (1953).

*Id.* At pages 84-85.  The charging order for a limited liability company is the same as a charging order under the Uniform Partnership Act.


## LANGUAGE REQUIRED IN ORDER

Plaintiff 145 Sisson Avenue, LLC inserted the following language in the charging order: "Breach of this Order upon due application to this Court shall be considered a contempt of this Court and may be punishable by fine or imprisonment

- 5 -

or both." Plaintiff believes such language is required by Connecticut General Statutes §52-356b(d).

## CONCLUSION

The charging orders should be granted as requested by Plaintiff 145 Sisson Avenue, LLC.

Houston Putnam Lowry, Esq.
Counsel for Plaintiff 145 Sisson Avenue,
LLC
FORD & PAULEKAS, LLP
280 Trumbull Street - Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

- 6 -

**ptl@hplowry.com**

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **Sent:** | Monday, June 3, 2024 9:40 AM |
| **To:** | CMECF@ctd.uscourts.gov |
| **Subject:** | Activity in Case 3:23-cv-00903-MPS 145 Sisson Avenue, LLC v. Puretz Calendar Entry |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of Connecticut**

**Notice of Electronic Filing**

The following transaction was entered on 6/3/2024 at 9:40 AM EDT and filed on 6/3/2024
**Case Name:**       145 Sisson Avenue, LLC v. Puretz
**Case Number:**    3:23-cv-00903-MPS
**Filer:**
**WARNING: CASE CLOSED on 04/26/2024**
**Document Number:** 53(No document attached)

**Docket Text:**
**NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic hearing re: [41], [47] Ex Parte Motions for Charging Orders set for 6/13/2024 at 10:30 AM before Judge Thomas O. Farrish. Counsel, parties and the public may access the hearing by dialing 888-557-8511 and entering the pass code of 4478772# when prompted. (Wood, R.)**

**3:23-cv-00903-MPS Notice has been electronically mailed to:**

Houston Putnam Lowry     ptl@hplowry.com

**3:23-cv-00903-MPS Notice has been delivered by other means to:**