UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 SISSON AVENUE, LLC | ) | |
| PLAINTIFF | ) | CIVIL ACTION NO.: |
| V. | ) | 3:23-CV-00903-MPS |
| ARON PURETZ | ) | |
| DEFENDANT | ) | JUNE 12, 2024 |

**SUPPLEMENTAL BRIEF RE: CHARGING ORDER**

On June 3, 2024, this court ordered Plaintiff 145 Sisson Avenue, LLC to be prepared to answer the following questions (#52):

the Court's authority to

(1) issue charging orders affecting the interests and prohibiting the activities of LLC members and partners who are not parties to this case (ECF Nos. 41-2, 3-5; 47-2, 3-5), and

(2) order the charged entities to provide the extensive financial disclosures he seeks. (ECF Nos. 41-2, 6-7; 47-2, 6-7.)

Out of an abundance of caution, Plaintiff submits this written supplemental brief regarding motions for charging order #41 and #47.

Pursuant to FRCP 69(a)(1) and (2), it is Connecticut's procedure that governs executions and discovery in aid of

executions. Courts have generally not issued lengthy opinions about charging orders.

By way of example, counsel is aware of charging orders being entered in three cases, *Jenzack Partners v. Stoneridge Associates* MMX-CV-12-6008253-S (one of 14 charging orders entered, attached as Exhibit 1-identical to this requested charging order), *William Bernard v. Leonard Vincent Lombard*, 17-MC-179 (VLB) (attached as Exhibit 2-identical to this requested charging order) and *Anthoy Dippa v. Fulbrook Capital Magmt*, 19-CV-1386 (KAD) (attached as exhibit 3-very much reduced). There was no discussion about charging orders in any of these cases.

*Osprey Portfolio, LLC v. Wilmot*, 2024 WL 2150313 does discuss charging orders (copy of opinion attached as Exhibit 4). According to that case, a charging order must enter if the court finds:

1.   Plaintiff is the judgment creditor (clearly obvious from the record in this case).

2.   Defendant is the judgment debtor (once again, clearly obvious from the record in this case).

3.   Judgment has entered and has not been satisfied (once again, clearly obvious from the record in this case).

While this court did not direct notice be given to the limited liability companies at issue (despite a call to the clerk and chambers following up on the draft order to show cause submitted #41-3 and #47-3), Plaintiff had notice served by a Connecticut Marshal (see #38). Notice was given to Defendant by regular mail (#54) (who was previously summoned in this case).

Defendant has never appeared in this case and has never responded to anything in this case.

## STATUTORY BASIS FOR CHARGING ORDERS

Charging orders are allowed by statute against limited liability companies.[1]  In particular, Connecticut General Statutes §34-259b(b) provides:

(b)   To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subsection (a) of this section, the court may:

(1)   Appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and

(2)   ***make all other orders necessary to give effect to the charging order***. [emphasis added]

---

[1] Charging orders were originally applied to general partnerships.  This has been statutorily expanded to limited partnerships and limited liability companies.

Plaintiff believes the proposed orders are necessary to give effect to the charging order.  The *Osprey* court referred to the Connecticut Judicial Branch publication entitled Enforcing Money Judgments and specifically Section 4, Table 3 (attached as Exhibit 5). The Judicial Department form 17-027 is attached as Exhibit 6 (which does not contain the additional orders Plaintiff seeks). The *Osprey* court entered the charging order attached as Exhibit 7, which contains some similar additional orders.

## RIGHT TO INFORMATION

Rights to information about a limited liability company are defined in Connecticut General Statutes §34-255i, which provides:

**Rights of member, manager and person disassociated as member to information**.

(a)   In a member-managed limited liability company, the following rules apply:

    (1)   On reasonable notice, a member may inspect and copy during regular business hours, at a reasonable location specified by the company, any record maintained by the company regarding the company's activities, affairs, financial condition and other circumstances to the extent the information is material to the member's rights and duties under the operating agreement or sections 34-243 to 34-283d, inclusive.

    (2)   The company shall furnish to each member: (A) Without demand, any information concerning the company's activities, affairs, financial

- 4 -

condition, and other circumstances which the company knows and is material to the proper exercise of the member's rights and duties under the operating agreement or sections 34-243 to 34-283d, inclusive, except to the extent the company can establish that it reasonably believes the member already knows the information; and (B) on demand, any other information concerning the company's activities, affairs, financial condition and other circumstances, except to the extent the demand or information demanded is unreasonable or otherwise improper under the circumstances.

(3)   The duty to furnish information under subdivision (2) of this subsection also applies to each member to the extent the member knows any of the information described in said subdivision.

(b)   In a manager-managed limited liability company, the following rules apply:

(1)   The informational rights set forth in subsection (a) of this section and the duty set forth in subdivision (3) of subsection (a) of this section apply to the managers and not the members.

(2)   During regular business hours and at a reasonable location specified by the company, a member may inspect and copy full information regarding the activities, affairs, financial condition and other circumstances of the company as is just and reasonable if: (A) The member seeks the information for a purpose reasonably related to the member's interest as a member; (B) the member makes a demand in a record received by the company, describing with reasonable particularity the information sought and the purpose for seeking the information; and (C) the information sought is directly connected to the member's purpose.

(3)   Not later than ten days after receiving a demand pursuant to subparagraph (B) of subdivision (2) of this subsection, the company shall in a record inform the member that made

- 5 -

the demand of: (A) The information that the
company will provide in response to the demand
and when and where the company will provide the
information; and (B) the company's reasons for
declining, if the company declines to provide
any demanded information.

(4)   Whenever sections 34-243 to 34-283d, inclusive,
or an operating agreement provide for a member
to give or withhold consent to a matter, before
the consent is given or withheld, the company
shall, without demand, provide the member with
all information that is known to the company
and is material to the member's decision.

(c)   Subject to subsection (i) of this section, on not
less than ten days' demand made in a record received
by a limited liability company, a person dissociated
as a member may have access to information to which
the person was entitled while a member if:

(1)   The information pertains to the period during
which the person was a member;

(2)   The person seeks the information in good faith;
and

(3)   The person satisfies the requirements imposed
on a member by subdivision (2) of subsection
(b) of this section.

(d)   A limited liability company shall respond to a
demand made pursuant to subsection (c) of this
section in the manner provided in subdivision (3) of
subsection (b) of this section.

(e)   A limited liability company may charge a person that
makes a demand under this section the reasonable
costs of copying, limited to the costs of labor and
material.

(f)   A member or person dissociated as a member may
exercise rights under this section through an agent
or, in the case of an individual under legal
disability, a legal representative. Any restriction
or condition imposed by the operating agreement or
under subsection (i) of this section applies both to

- 6 -

       the agent or legal representative and the member or
person dissociated as a member.

(g)  Subject to subsection (i) of this section, the
rights under this section do not extend to a person
as a transferee.

(h)  If a member dies, the provisions of section 34-259c
shall apply.

(i)  In addition to any restriction or condition set
forth in the operating agreement, a limited
liability company, as a matter within the ordinary
course of its activities and affairs, may impose
reasonable restrictions and conditions on access to
and use of information to be furnished under this
section, including designating information
confidential and imposing nondisclosure and
safeguarding obligations on the recipient. In a
dispute concerning the reasonableness of a
restriction under this subsection, the company has
the burden of proving reasonableness.

It is appropriate to allow the holder of a charging order to
have the same access to the limited liability company's books
and records as the member whose interest is being charged.

## CONCLUSION

    The charging orders should be granted as requested by
Plaintiff 145 Sisson Avenue, LLC.

Houston Putnam Lowry, Esq.
Counsel for Plaintiff 145 Sisson Avenue,
LLC
FORD & PAULEKAS, LLP
280 Trumbull Street - Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached was mailed on this 12th day of June, 2024 to:

Aron Puretz
43 Fenway Circle
Staten Island, New York 10308-1240

Hoyt Bedford Limited Partnership
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

Hoyt Bedford Manager LLC
Agent: VCORP SERVICES, LLC
108 W. 13TH STREET-SUITE 100
WILMINGTON, DE 19801

Apex Equity Group LLC
Agent: THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

PAXE HARTFORD PORTFOLIO LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

G:\2433 Constitution Credit LLC\007 South Green Prtfolio v. Paxe Sisson CT Lmtd Partnership loan\Federal-145 Sisson Guranty action\Motion for partnership charging order supplemental brief 2024-06-12.doc

PAXE HARTFORD PORTFOLIO GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

PAXE GARDEN LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE GARDEN GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

PAXE HARTFORD PORTFOLIO LIMITED PARTNERSHIP
Agent: Riverside Filings LLC
28 Crystal Street
Wethersfield, CT, 06109

PAXE HARTFORD PORTFOLIO GP LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

CLEMENS PLACE CT LIMITED PARTNERSHIP
526 Westchester Road
Colchester, CT 06415-2228

CLEMENS MANAGER LLC
Agent: David Helfgott
36 Airport Road
Lakewood, NJ 08701

ASYLUM HILL APT LLC
Agent: VCORP SERVICES, LLC
67 Burnside Avenue
East Hartford, CT, 06108

FHTDD, LP
Agent: Boruch Drillman
110 Hill Street-Suite lE
Newark, New Jersey 07102

FHT Manager, LLC
Agent: Boruch Drillman
110 Hill Street-Suite 1E
Newark, New Jersey 07102

Houston Putnam Lowry, Esq.

# EXHIBIT 1

ORDER   402017

DOCKET NO: MMXCV126008253S

JENZACK PARTNERS, LLC
   V.
STONERIDGE ASSOCIATES, LLC Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF MIDDLESEX
  AT MIDDLETOWN

4/17/2017

<u>ORDER</u>

ORDER REGARDING:
03/02/2017 224.00 APPLICATION FOR ORDER TO SHOW CAUSE WITH SUMMONS AND RETURN

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

After hearing at which counsel for the plaintiff and counsel for Patrick Snow appeared, IT IS HEREBY ORDERED:
1. The interest of Patrick T. Snow in the limited liability company known as Kane Street Associates LLC is charged with payment of the unsatisfied amount of the judgment debt and also with costs and interest.
2. The limited liability company is directed to pay plaintiff Jenzack Partners, LLC present and future share of any and all distributions, credits, drawings or payments due to defendant Patrick T. Snow until the judgment is satisfied in full including interests and costs.
3. Until said judgment is satisfied in full including interest and costs, the limited liability company shall make no loans to Patrick T. Snow or to any family member of Patrick T. Snow.
4. Until said judgment is satisfied in full, including interest and costs, the limited liability company shall make no capital acquisitions without Court approval or approval of plaintiff Jenzack Parters, LLC.
5. Until said judgment is satisfied in full, including interest and costs, neither the limited liability company nor its members shall undertake, enter into or consummate any sale, encumbrance, hypothecation, or modification of any interest of Patrick T. Snow in the limited liability company without either Court approval or approval of plaintiff Jenzack Partners, LLC.
6. Within ten days of service of a copy of this Order upon any general partner of the limited liability company, the limited liability company shall supply to plaintiff Jenzack Partners, LLC a full, complete and accurate copy of the limited liability company Agreement, including any and all amendments or modifications thereto; true, complete, and accurate copies of any and all Federal and State income tax or informational income tax returns filed within the past two years; balance sheets and profit and loss statements for the past two years; and balance sheet and profit and loss statement for the most recent present period for which same has been computed. Further, upon ten-day notice from the plaintiff to the limited liability company, all books and records shall be produced for inspection, copying, and examination in the plaintiff's office or plaintiff's counsel's office.
7. Until said judgment is satisfied in full, including all costs and interest thereon, all future statements reflecting cash position, balance sheet position, and profit and loss, Kane Street Associates, L.L.C. shall supply to plaintiff Jenzack Partners, LLC within thirty days of the close of the respective accounting period for which said data is or may be generated.
8. The Order set forth in Paragraph One is exclusive of any amounts payable to defendant Patrick T. Snow under a properly asserted legal exemption right if same is properly claimed within twenty days of the service of a copy of this Order. Breach of this Order Upon due application to this Court shall be considered a contempt of this Court and may be punishable by fine or imprisonment or both.
Upon due application, plaintiff Jenzack Partners, LLC may apply to this Court for further modification of this Order in the event the plaintiff feels he has cause to seek the appointment of a receiver for limited liability company Kane Street Associates, L.L.C. or the sale of the debtor's interest in limited liability

company Kane Street Associates, L.L.C. as provided by law.

Judicial Notice (JDNO) was sent regarding this order.

402017

Judge: JULIA L AURIGEMMA
Processed by: Suphi Philip

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

WILLIAM N. BERNARD AND WILLIAM     :
N. BERNARD AND CATHERINE H.           :
BERHARD REVOCABLE LIVING TRUST   :
         PLAINTIFFS             :      CASE NO. 3:17-mc-179 VLB
                                    :
v.                                    :
                                    :
LEONARD VINCENT LOMBARD, LVG      :      APRIL 25, 2018
HOLDING COMPANY D&L #1200, LLC     :
LEONARDVINCENT GROUP, INC.,        :
BRIAN A. HUDLIN, LOUIS M. LOMBARDI   :
AND DANIEL GAMBINO             :
         DEFENDANTS          :

<u>CHARGING ORDER</u>

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     The interest of Leonard Vincent Lombardo in the limited liability company known as Clearette Cigarette Co. LLC is charged with payment of the unsatisfied amount of the judgment debt herein and also with costs and interest.

2.     The limited liability company is directed to pay Plaintiffs present and future shares of any and all distributions, credits, drawings, or payments due to Defendant Leonard Vincent Lombardo until the judgment is satisfied in full, including interest and costs.

3.     Until said judgment is satisfied in full, including interest and costs, the limited liability company shall make no loans to any member or anyone else.

1

4.      Until said judgment is satisfied in full, including interest and costs, the limited liability company shall make no capital acquisitions without either Court approval or approval of Plaintiffs.

5.      Until said judgment is satisfied in full, including interest and costs, neither the limited liability company nor its members shall undertake, enter into, or consummate any sale, encumbrance, hypothecation, or modification of any limited liability company interest without either Court approval or approval of Plaintiffs.

6.      Within ten days of service of a copy of this Order upon the limited liability company, the limited liability company shall supply to Plaintiffs a full, complete, and accurate copy of the limited liability company operating agreement, including any and all amendments or modifications thereto; true, complete, and accurate copies of any and all Federal and State income tax or informational income tax returns filed within the past two years; balance sheets and profit and loss statements for the past two years; and balance sheet and profit and loss statement for the most recent present period for which same has been computed.  Further, upon ten-day notice from the Plaintiffs to the limited liability company, all books and records shall be produced for inspection, copying, and examination at Plaintiffs' counsel's office.

7.      Until said judgment is satisfied in full, including all costs and interest thereon, all future statements reflecting cash position, balance sheet

position, and profit and loss, Clearette Cigarette Co. LLC shall supply to Plaintiffs within thirty days of the close of the respective accounting period for which said data is or may be generated.

8.    The Order set forth in Paragraph One is exclusive of any amounts payable to Defendant Leonard Vincent Lombardo under a properly asserted legal exemption right if same is properly claimed within twenty days of the notice of this Order by the court.

*Breach of this Order upon due application to this Court shall be considered a contempt of this Court and may be punishable by fine or imprisonment or both.*

Upon due application, Plaintiffs may apply to this Court for a further modification of this Order, in the event the Plaintiffs feel they have cause to seek the appointment of a receiver for Clearette Cigarette Co. LLC or the sale of the debtor's interest in Limited liability company Clearette Cigarette Co. LLC as provided for by law.

Dated at Hartford, Connecticut, this 25th day of April, 2018.

/s/
_____
Vanessa L. Bryant
United States District Judge

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY DIPIPPA,<br>    *Plaintiff*, | 3:19-cv-01386 (KAD) |
| v. | |
| FULBROOK CAPITAL MGMT. LLC,<br>SELVYN SEIDEL,<br>    *Defendants.* | January 29, 2020 |

## CHARGING ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Pursuant to Conn. Gen. Stat. § 34-259b, the transferable interest of Defendant Selvyn Seidel in the limited liability company known as Fulbrook Capital Management LLC is charged with payment of the unsatisfied amount of the judgment debt herein.

2. The limited liability company is directed to pay over to Plaintiff Anthony DiPippa the present and future shares of any and all distributions, as defined in Conn Gen. Stat. § 34-243a(8), due to member Selvyn Seidel until the judgment is satisfied in full.

3. The Order set forth in Paragraph One is exclusive of any amounts payable to Defendant Selvyn Seidel under a properly asserted legal exemption right if same is properly claimed within twenty days of the issuance of this Order.

Pursuant to Conn Gen. Stat. § 34-259b(b)(2), the Court further ORDERS that:

4. Until said judgment is satisfied in full, the limited liability company shall make no loans to any member or anyone else.

5.  Until said judgment is satisfied in full, the limited liability company shall not undertake,

    enter into, or consummate any sale, encumbrance, hypothecation, or modification of

    any membership interest without Court approval.

Plaintiff Anthony DiPippa may move for a further modification of this Order as may be

permitted by law.  The Plaintiff shall serve Fulbrook Capital Management LLC with a copy

of this Order within 14 days.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of January 2020.

                              */s/ Kari A. Dooley*
                              KARI A. DOOLEY
                              UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

DOCKET NO:  FST CV 21-6053898 S : SUPERIOR COURT

OSPREY PORTFOLIO, LLC                    : J. D. of STAMFORD/NORWALK

V.                                                          : AT STAMFORD

FRED WILMOT                                   : MAY 10, 2024

## MEMORANDUM OF DECISION

The plaintiff, Osprey Portfolio, LLC, is seeking Charging Orders concerning the

"transferable interest" of the defendant, Fred Wilmot, in the distributions of four separate

Connecticut LLCs. The first four Applications for a Charging Order, all dated September 26,

2023, were filed under the incorrect Connecticut statute. (#140.00, #141.00, #142.00 and

#143.00). The Applications were twice denied by the court, once on the motion in chief and

once on a motion to reargue.  The plaintiff is now proceeding under Gen. Stat. § 34-259b, which

was effective July 1, 2017.

> "(a) On application by a judgment creditor of a member or transferee, a court may enter
> a charging order against the transferable interest of the judgment debtor for the
> unsatisfied amount of the judgment. Subject to subsection (e) of this section, a charging
> order constitutes a lien on a judgment debtor's transferable interest and requires the
> limited liability company to pay over to the person to which the charging order was
> issued any distribution that otherwise would be paid to the judgment debtor. To the
> extent that the transferable interest of the judgment debtor is so charged, the judgment
> creditor has only the right to receive any distribution or distributions to which the
> judgment debtor would otherwise have been entitled in respect of such transferable
> interest.
> (b) To the extent necessary to effectuate the collection of distributions pursuant to a
> charging order in effect under subsection (a) of this section, the court may: (1) Appoint a
> receiver of the distributions subject to the charging order, with the power to make all
> inquiries the judgment debtor might have made; and (2) make all other orders necessary
> to give effect to the charging order.
> (c) The member or transferee whose transferable interest is subject to a charging order
> under subsection (a) of this section may extinguish the charging order by satisfying the

151.04

judgment and filing a certified copy of the satisfaction with the court that issued the charging order.

(d) A limited liability company or one or more members whose transferable interests are not subject to the charging order may pay to the judgment creditor the full amount due under the judgment and thereby succeed to the rights of the judgment creditor, including the charging order.

(e) The entry of a charging order is the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest. With respect to the judgment debtor's transferable interest, attachment, garnishment, foreclosure or other legal or equitable remedies are not available to the judgment creditor, whether the limited liability company has one member or more than one member.

(f) Sections 34-243 to 34-283d, inclusive, do not deprive any member or transferee of the benefit of any exemption laws applicable to the transferable interest of the member or transferee."

Gen. Stat. § 34-250b

The judgment was first obtained against the defendant, Fred Wilmot, by the then plaintiff, First Union National Bank, in a civil action pending in the Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket Number FST CV-97-0161086 S. After almost two years of litigation the parties submitted an executed extensive sixteen-page Stipulation that was filed as a pleading on January 31, 2001. (#114.00). (See #100.31, Exhibit A at pages 5 through 20 in the current file). Judgment entered in accordance with the Stipulation in favor of First Union National Bank as against Fred Wilmot. (#113.00). The underlying litigation sought to collect on a March 18, 1997 $20,000 note entered into by Fred Wilmot in favor of First Union National Bank. Thereafter some collection efforts were engaged in by the plaintiff Bank including the filing of executions and a petition for examination of judgment debtor. The executions were returned unsatisfied. Sometime thereafter the current plaintiff, Osprey Portfolio, LLC, acquired the right to collect on the judgment and the court ordered Stipulation from First Union National Bank. First Union National Bank assigned the judgment against the defendant, Fred Wilmot, to the plaintiff, Osprey Portfolio, LLC, on November 28, 2001 (#100.31, page 22).

2

Osprey Portfolio, LLC commenced this litigation against Fred Wilmot on October 14, 2021, more than 20 years after the court approved the Stipulation and entered judgment in the first litigation.

In this current litigation the court granted summary judgment as to liability and damages on February 7, 2023 (#124.01, #137.00) in favor of Osprey Portfolio, LLC as against the defendant, Fred Wilmot, in the amount of $164,111.82. Thereafter the plaintiff commenced proceedings to obtain a Charging Order against each of the four named LLCs. As stated, the first four Applications for Charging Orders were denied. One month after the last denial this current December 7, 2023 Application for Charging Orders pursuant to Gen. Stat. § 34-259b was filed. (#151.00).

By reason of the terms and conditions of the aforesaid Stipulation entered into by the parties in the First Union National Bank litigation and the passage of these many years, the original March 18, 1997 $20,000 promissory note executed by the defendant, Fred Wilmot, has increased his liability to $164,111.82 as of February 7, 2023. (#138.00). No application, request or motion has been filed asking that this court or any other court revisit or recalculate the amount of the judgment. For the purposes of this Application for Charging Orders it is sufficient that the court finds that a judgment has entered, the defendant is the judgment debtor and the plaintiff is the judgment creditor.

This court makes the following findings: the plaintiff's use of Gen. Stat. § 34-259b is the correct legal authority for the plaintiff to obtain Charging Orders against the "transferable interests" distributions made by the four LLC's, the plaintiff, Osprey Portfolio, LLC, obtained a monetary judgment against the defendant, Fred Wilmot, in this litigation on February 7, 2023, the plaintiff, Osprey Portfolio, LLC, is a judgment creditor of the defendant, Fred Wilmot, the

3

defendant, Fred Wilmot, is the judgment debtor of that judgment, that judgment has not been paid in full, the four Connecticut LLCs: So. No. Holdings, LLC, W&W Holdings, LLC, So. No. Enterprises, LLC and Fred Wilmot, LLC, have been named specifically in the Application for Charging Orders dated December 7, 2023 and filed as pleading number #157.00 in this current litigation, the plaintiff has obtained a court order requiring that those four LLC's be furnished notice by service of the Application for Charging Orders and the hearing on the Application for Charging Orders (#151.00), four returns of service has been made demonstrating completion of notice to each of the four LLC's by pleading numbers #152.00, #154.00, #155.00 and #156.00, that each of the four LLC's were created under Connecticut law and exist as Connecticut LLC's, each LLC has a filing with the Connecticut Secretary of State, (#151.00, pages 14-25), Fred Wilmot is listed therein as the principal of each of the four LLCs, each LLC has an address of 50 Water Street Norwalk, Connecticut, and that 50 Water Street, Norwalk, Connecticut is the defendant, Fred Wilmot's, address.

This court held its duly noticed on the record court hearing on April 1, 2024. Counsel of record for Osprey Portfolio, LLC and Fred Wilmot, both appeared. There was no appearance at the hearing by any of the four Connecticut LLCs.

This court having reviewed the transcript of the April 1, 2024 court hearing, the relevant documents in both Connecticut litigations, the statutory requirements of Gen. Stat. § 34-259b, hereby grants the Charging Order (#151.00).

The plaintiff has provided two-page page draft copy of the proposed Charging Order. (#151.00). This court has reviewed the draft Charging Order in detail and finds that it complies with Gen. Stat. § 34-259b. Although some of the language in the requested Charging Order is not contained within the statute, the court has the authority to "make all other orders necessary

4

to give effect to the charging order." Gen. Stat. § 34-259b (b). For guidance in making that determination, this court has reviewed the Connecticut Judicial Branch publication entitled Enforcing Money Judgments and specifically Section 4, Table 3 of that publication concerning Charging Orders. The court further found guidance in *Connecticut Community Bank vs A & J Farm Stand, LLC,* Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket Number FST CV-12-6013194 S (October 1, 2013, Karazin, JTR). Finally, this court found judicial authority for the exact language of the requested Charging Order in *Abbett vs OYA, LLC,* Superior Court, judicial district of New Haven at New Haven, Docket Number NNH CV 07-5009253 S (June 28, 2016, Wilson, J.).

Upon the filing of this Memorandum of Decision, this court will execute the two-page Charging Order found on pages 5 and 6 of the December 7, 2023 Application for Charging Orders (#151.00, pages 6-7) and enter it as this court's Charging Order with service to be made upon all appearing parties and the four named LLCs at issue.

BY THE COURT

_____
Kevin Tierney, JTR

Decision entered in accordance with the foregoing 5/10/2024.
Notice sent to all counsel of record
5/10/2024

Jonathan Bubar
Assistant Clerk

5

# EXHIBIT 5



Connecticut Judicial Branch

# Law Libraries

Copyright © 2008-2024, Judicial Branch, State of Connecticut. All rights reserved.

**2024 Edition**

# Enforcing Money Judgments

### A Guide to Resources in the Law Library

## Table of Contents

Introduction .......................................................................................... - 3 -

Section 1: Installment Payment Orders ............................................... - 5 -

Table 1: Recent Postjudgment Interest Case Law Discussing
Conn. Gen. Stats. §§ 37-1, 37-3a, and 37-3b ................................. - 12 -

Section 2: Wage Executions .............................................................. - 15 -

Section 3: Bank Executions ............................................................... - 22 -

Section 4: Personal Property Executions............................................ - 29 -

Table 2: Exempt Property................................................................... - 36 -

Table 3: Charging Orders .................................................................. - 39 -

Table 4: Garnishing Funds Held by State or Federal Government .................. - 42 -

Section 5: Turnover Orders ............................................................... - 44 -

Figure 1: Application for Turnover Order ........................................... - 49 -

Section 6: Exempt Property ............................................................... - 51 -

Section 7: Judgment Liens ................................................................ - 56 -

Table 5: Expiration of Liens .............................................................. - 67 -

Table 6: Duration of Attachment Liens after Judgment................... - 68 -

Section 8: Postjudgment Discovery ................................................... - 69 -

Section 9: Expiration and Satisfaction of Judgments ....................... - 75 -

Table 7: Enforcing Foreign Judgments in Connecticut..................... - 80 -

Table 8: Fraudulent Transfers ........................................................... - 83 -

Table 8A: *Cadle Co.* v. *Fletcher*, 324 Conn. 228 (2016).................... - 84 -

Table 9: Reverse Piercing of the Corporate Veil .............................. - 85 -

Table 10: Abusive, Harassing . . . Debt Collection Practices ........................ - 86 -

Frequently Asked Questions............................................................... - 87 -

Forms for Enforcing Money Judgments ............................................. - 89 -

*Prepared by Connecticut Judicial Branch, Superior Court Operations,
Judge Support Services, Law Library Services Unit*
lawlibrarians@jud.ct.gov

**Other Research Guides**

Bankruptcy and the Family

Child Support (Sec. 4: Enforcement)

Collection of Delinquent Property Taxes

Foreclosure of Condominium Liens

Foreclosure of Mortgages

Foreign Matrimonial, Custody, and Support Judgments in Connecticut

Mechanics' Liens In Connecticut

Motion for Contempt in Family Matters

Post-Judgment Proceedings in Connecticut Mortgage Foreclosures

Prejudgment Proceedings in Connecticut Mortgage Foreclosures

Repossession in Connecticut

These guides are provided with the understanding that they represent only a beginning to research. It is the responsibility of the person doing legal research to come to his or her own conclusions about the authoritativeness, reliability, validity, and currency of any resource cited in this research guide.

View our other research guides at
https://jud.ct.gov/lawlib/selfguides.htm

This guide links to advance release opinions on the Connecticut Judicial Branch website and to case law hosted on Google Scholar and Harvard's Case Law Access Project. The online versions are for informational purposes only.

References to online legal research databases refer to in-library use of these databases. Remote access is not available.

Connecticut Judicial Branch Website Policies and Disclaimers
https://www.jud.ct.gov/policies.htm

Table 3: Charging Orders

Madison Hills Limited Partnership II v. Madison Hills, 35 Conn. App. 81, 84-85, 644 A.2d 363 (1994). "'[A] charging order . . . is neither fish nor fowl.  It is neither an assignment nor an attachment.' Bank of Bethesda v. Koch, 44 Md. App. 350, 354, 408 A.2d 767 (1979).  Under this procedure, a court may grant a judgment creditor's application and issue an order charging the debtor partner's interest in the partnership with payment of the judgment debt. General Statutes § 34–66. The charging order leaves the partnership intact but diverts to the judgment creditor the debtor partner's share of the profits.

Once a judgment creditor obtains a charging order, the trial court is authorized to make any orders and inquiries in support of the charging order."

**Statutes:**

- Uniform Limited Partnership Act
  Conn. Gen. Stat. § 34-30 (2023).
  *Rights of judgment creditor to charge partnership interest of partner.*
  On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. Nothing in this chapter shall be held to deprive a partner of the benefit of any exemption laws applicable to his partnership interest.

- Limited Liability Companies Act
  Conn. Gen. Stat.  § 34-259b (2023).
  *Charging order.*
  (a) On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. Subject to subsection (e) of this section, a charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor. To the extent that the transferable interest of the judgment debtor is so charged, the judgment creditor has only the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of such transferable interest.

  (b) To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subsection (a) of this section, the court may: (1) Appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and (2) make all other orders necessary to give effect to the charging order.

  (c) The member or transferee whose transferable interest is subject to a charging order under subsection (a) of this section may extinguish the charging order by satisfying the judgment and filing a certified copy of the satisfaction with the court that issued the charging order.

  (d) A limited liability company or one or more members whose transferable interests are not subject to the charging order may pay to the judgment

creditor the full amount due under the judgment and thereby succeed to the rights of the judgment creditor, including the charging order.

(e) The entry of a charging order is the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest. With respect to the judgment debtor's transferable interest, attachment, garnishment, foreclosure or other legal or equitable remedies are not available to the judgment creditor, whether the limited liability company has one member or more than one member.

(f) Sections 34-243 to 34-283d, inclusive, do not deprive any member or transferee of the benefit of any exemption laws applicable to the transferable interest of the member or transferee.

- Uniform Partnership Act
  Conn. Gen. Stat.  § 34-349 (2023).
  *Partner's transferable interest subject to charging order.*
  (a) On application by a judgment creditor of a partner or of a partner's transferee, a court having jurisdiction may charge the transferable interest of the judgment debtor to satisfy the judgment. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect of the partnership and make all other orders, directions, accounts and inquiries the judgment debtor might have made or which the circumstances of the case may require.

  (b) A charging order constitutes a lien on the judgment debtor's transferable interest in the partnership. The court may order a foreclosure of the interest subject to the charging order at any time. The purchaser at the foreclosure sale has the rights of a transferee.

  (c) At any time before foreclosure, an interest charged may be redeemed: (1) By the judgment debtor; (2) with property other than partnership property, by one or more of the other partners; or (3) with partnership property, by one or more of the other partners with the consent of all of the partners whose interests are not so charged.

  (d) Sections 34-300 to 34-399, inclusive, do not deprive a partner of a right under exemption laws with respect to the partner's interest in the partnership.

  (e) This section provides the exclusive remedy by which a judgment creditor of a partner or partner's transferee may satisfy a judgment out of the judgment debtor's transferable interest in the partnership.

**Recent Charging Order Superior Court Cases**:

- 301 Rope Ferry Road, LLC v. Tasoulas, Superior Court, Judicial District of New London at New London, No. CV13-5014610-S (December 15, 2017) (65 Conn. L. Rptr. 624) (2017 WL 6997159). "The plaintiff has moved pursuant to General Statutes § 34-171 (since superseded by General Statutes § 34-359b) that the court 'enter an order charging the Judgment Debtor, Demetrius Tasoulas' interest in the limited liability company "The First Oneco, LLC" (the 'LLC') with payment of the unsatisfied amount of the Plaintiff's judgment with interest provided by law.'

….

In sum, the defendant holds no financial interest which would support the charging order….As the movant, the plaintiff bears the burden of proving its right to a charging order….The court cannot charge an interest that the defendant does not have, and the plaintiff has not proven any fraud by the defendant by means of his assignment, and the court finds that the assignment was legitimately made on November 24, 2008."

- <u>Abbett v. OYA, LLC</u>, Superior Court, Judicial District of New Haven at New Haven, No. CV075009253 (June 28, 2016) (62 Conn. L. Rptr. 537) (2016 WL 4071514) (2016 Conn. Super. LEXIS 1855). "Accordingly, as the court previously noted, if the LLC's assets and finances have not yet been fully distributed and resolved following dissolution and winding up, then the court may still issue a charging order against a member's interest. See *Connecticut Community Bank* v. *A & J Farm Stand*, LLC, Superior Court, judicial district of Stamford–Norwalk, Docket No. CV–12–6013194–S (October 1, 2013, Karazin, J.T.R.)."

- <u>Voll v. Dunn</u>, Superior Court, Judicial District of Waterbury at Waterbury, No. X10UWYCV126018520 (Nov. 10, 2014) (2014 WL 7461644) (2014 Conn. Super. LEXIS 2849). "There is no dispute that a charging order obtained pursuant to Section 34–171 does not confer ownership or voting rights. Conn. Gen. Stat. § 34–171. *Metcoff v. NCT Group, Inc.*, 2012 WL 6901181 (Conn. Super.) (Taylor, J. December 20, 2012) [55 Conn. L. Rptr.]. The judgment creditor who obtains a charging order does not step into the shoes of the LLC member in the management or affairs of the LLC. See, *Rockstone Capital, LLC v. Marketing Horizons, LTD*, 2013 WL 4046597 (July 17, 2013, Young, J.) [56 Conn. L. Rptr. 574]. **The question posed is whether this is a judgment creditor's only avenue for pursuing the debtor's LLC interests.**" (Emphasis added.)

- <u>Mack Film Development, LLC et al. v. Benevolent Partners, L.P. et al.</u>, Judicial District of Bridgeport at Bridgeport, No. CV104033543S (Feb. 6, 2014) (2014 WL 929702) (2014 Conn. Super. LEXIS 306). "The court may therefore order further disclosure of financial information or other actions beyond the defendant debtors' rights as limited partners as are necessary to effectuate the charging order, but may not make orders on the partnership to produce information beyond the defendant debtors' right to information if such orders are not related to the plaintiff creditors' specific efforts to obtain payment from the defendant debtors' interest in JHJ Limited Partnership, LP."

- **Forms and Commentary:** *Library of Connecticut Collection Law Forms*, by Robert M. Singer, Connecticut Law Tribune, 2015.
  - Chapter 17: Commentary — Postjudgment Procedures
    - **Form 17-027:**
      Application for Charging Order
      Affidavit in Support of Charging Order
      Charging Order
      Enforcement Order

# EXHIBIT 6

DOCKET NUMBER _____          SUPERIOR COURT


[NAME OF PLAINTIFF]                  JD OF _____


V.                                   AT _____


[NAME OF DEFENDANT]                  [DATE]


CHARGING ORDER


[NAME OF ENFORCEMENT CREDITOR]


[NAME OF ENFORCEMENT]


[AMOUNT OWING]


The amount outstanding is as follows


Money Judgment                  $_____


Plus Costs                      $_____


Plus Post Judgment Interest     $_____


Less Payments                   $_____


Balance Due                     $_____

ENFORCEMENT ORDER

An order is made against [NAME AND ADDRESS OF JUDGMENT DEBTOR] imposing a charge on the judgment's debtor's interest in the following property:

[DESCRIBE PROPERTY TO BE CHARGED]

[ATTACH LEGAL DESCRIPTION OF PROPERTY, IF APPLICABLE]

EFFECT OF ORDER

This order is to be served on

[JUDGMENT DEBTOR]

[ANY OTHER PARTY WITH AN INTEREST IN SAID PROPERTY]

After being served with this order, the following parties are hereby restrained, from selling transferring, encumbering or otherwise dealing with the charged property, absent further order of the Court

[NAME AND ADDRESS OF EACH PERSON TO WHOM RESTRAINING ORDER APPLIES]

Dated_____

BY_____

JUDGE/CLERK

# EXHIBIT 7

STAMFORD-NORWALK
JUDICIAL DISTRICT

DOCKET NO. FST-CV21-6053898-S    :    **SUPERIOR COURT**

2024 MAY 10  A 9: 06

**OSPREY PORTFOLIO, LLC**      :    **J.D. OF STAMFORD**

                     :    **AT STAMFORD**

**V.**                          :

                     :

**FRED WILMOT, INDIVIDUALLY**    :

===================================================================

## CHARGING ORDER

After the foregoing came before this Court for a hearing, IT IS HEREBY ORDERED,

ADJUDGED, AND DECREED that:

1. The interests of the Defendant/Judgment Debtor, Fred Wilmot, in the Connecticut

   limited liability companies known as So. No. Holdings, LLC, W&W Holdings, LLC,

   So. No. Enterprises, LLC, and Fred Wilmot, LLC (collectively the "Companies") are

   charged with payment of the unsatisfied amount of the judgment debt in this case and

   also with post judgment interest.

2. Within 20 days of the entry of this Charging Order, the Defendant/Judgment Debtor,

   Fred Wilmot, is ordered to provide the complete name and current mailing address of

   the managing member of each of the Companies.

3. The Companies are each directed to pay the Plaintiff present and future shares of any

   and all distributions, credits, drawings, or payments due to the Defendant until the

   judgment is satisfied in full, including attorneys' fees, interest and costs.

4. Until said judgment is satisfied in full, including attorneys' fees and post-judgment

   interest and costs, the Companies shall make no loans, directly or indirectly, to or for the

   benefit of the Defendant or other partners or anyone else for the benefit of the Defendant

   without further Order of this Court.

5. Within 20 days of service of a copy of this Order upon any members of the Companies, the Companies shall supply to the Plaintiff full, complete and accurate copies of the Companies' Operating Agreements or other organizational documents including any and all amendments or modifications thereto; true, complete and accurate copies of any and all Federal and State income tax or informational income tax returns filed within the past two years; balance sheets and profit and loss statements for the past two years; and balance sheet and profit and loss statements for the most recent present period for which same have been computed. Further, upon twenty-day notice from the Plaintiff to the Companies, all books and records shall be produced for inspection, copying and examination in the Plaintiff's counsel's office.

6. Until said judgment is satisfied in full, including all costs and interest thereon, the Companies shall supply the Plaintiff, within thirty days of the close of the respective accounting period for which said data is or may be generated, all future statements reflecting cash position, balance sheet position, and profit and loss.

BY THE COURT ( Tierney JTR JJ)

_Um Teny JTR_
Judge/~~Clerk/Assistant Clerk~~

Dated 5/10/2024