UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 145 SISSON AVENUE, LLC<br><br>        PLAINTIFF<br><br>V.<br><br>ARON PURETZ<br><br>        DEFENDANT | CIVIL ACTION NO.:<br><br>3:23-CV-00903-MPS<br><br><br><br>JUNE 20, 2024 |

**PARTIAL OBJECTION TO MAGISTRATE'S RECOMMENDED RULING**

Plaintiff 145 Sisson Avenue, LLC partially objects to Magistrate Judge Thomas O. Farrish's recommended ruling (#58) because it does not contain a direction the entities turn over the distributions to Plaintiff in addition to charging Defendants' interest in the entities. Plaintiff relies upon their previously filed briefs, which are incorporated by reference (#42-1, #47-1 and #55).

A charging order places a lien on the judgment debtor's interest in the limited lability company, *see Madison Hills Ltd. Partnership II v. Madison Hills, Inc.*, 35 Conn.App. 81, 84 (1994).

> "The UPA permits a judgment creditor of a partner to place a type of lien known as a charging order on the partner's interest in the partnership. General Statutes § 34-66; 1 A. Bromberg & L. Ribstein, Partnership (1994) § 3.05, p. 3:71. "[A] charging order ... is neither fish nor fowl. It is neither an assignment nor an attachment." *Bank of Bethesda v.*

> *Koch*, 44 Md.App. 350, 354, 408 A.2d 767 (1979). Under this procedure, a court may grant a judgment creditor's application and issue an order charging the debtor partner's interest in the partnership with payment of the judgment debt. General Statutes §34-66. The charging order leaves the partnership intact **but diverts to the judgment creditor the debtor partner's share of the profits**. General Statutes §34-66; A. Weinberger, "*Making Partners Pay Child Support: The Charging Order at 100*," 27 Hous.L.Rev. 297, 302 (1990). The charging order replaced levies of execution as the remedy for reaching the interest of a partner. See generally J. Gose, "*The Charging Order under the Uniform Partnership Act*," 28 Wash.L.Rev. 1, 7 (1953). [emphasis added]

*Id.* At pages 84-85. In order to divert the funds, the court must direct the funds be transferred to Plaintiff (subject to the language required in the order by Connecticut General Statutes §52-356b).

"Pursuant to the Connecticut Limited Liability Company Act, General Statutes §§34-100 to 34-242,[1] an assignment of a limited liability company interest entitles the assignee to receive only the distributions to which the assignor would be entitled." *Cadle Company v, Robert A. Ginsburg*, 2002 WL 725500. Since Plaintiff is entitled to the distributions, the court should order they be paid to Plaintiff.

Courts have issued turnover orders in support of (or in addition to) charging orders, *Russo v. Thornton*, 217 Conn.App.

---

[1] These provisions (Chapter 613) were repealed effective July 1, 2017 and have been replaced with Chapter 613a (Connecticut General Statutes §34-243 to §34-283d).

- 2 -

553 (2023), *PB Real Estate v, Dem II Properties*, 1997 WL 625465 and *Voll v. Dunn*, 2014 WL 7461644.

## STATUTORY BASIS FOR CHARGING ORDERS

Charging orders are allowed by statute against limited liability companies.[2]  In particular, Connecticut General Statutes §34-259b(b) provides:

> (b)  To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subsection (a) of this section, the court may:
>
>> (1)  Appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and
>>
>> (2)  **make all other orders necessary to give effect to the charging order**.
>> [emphasis added]

Plaintiff believes the proposed orders are necessary to give effect to the charging order.

## PERSONAL PROPERTY JUDGMENT LIEN

Plaintiff has filed a personal property judgment lien with the Connecticut Secretary of the State (attached).

---

[2] Charging orders were originally applied to general partnerships.  This has been statutorily expanded to limited partnerships and limited liability companies.

- 3 -

## CONCLUSION

The charging orders should be granted including a direction to the Entities to turn over the distribution as requested by Plaintiff 145 Sisson Avenue, LLC.

Houston Putnam Lowry, Esq.
Counsel for Plaintiff 145 Sisson Avenue, LLC
FORD & PAULEKAS, LLP
280 Trumbull Street - Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached was mailed on this 20th day of June, 2024 to:

Aron Puretz
43 Fenway Circle
Staten Island, New York 10308-1240



Houston Putnam Lowry, Esq.



# Secretary of the State of Connecticut
# Judgment Lien Certificate

## Filing Details

Filing Number: 0005213525           Filed On:        5/8/2024 4:16:33 PM

### Submitter Information

Contact Name:     Katherine Camara

Email Address:    kcamara@fpllp.com
Mailing Address:

### Judgment Debtor Information

| | | | |
|---|---|---|---|
| Individual Surname: | Puretz | First Name: | Aron |
| Middle Name: | | Suffix: | |
| Mailing Address: | 43 Fenway Cir | | |
| City: | Staten Island | State: | NY |
| Zip Code: | 10308-1240 | Country: | United States |

### Judgment Creditor Information

| | | | |
|---|---|---|---|
| Organization Name: | 145 Sisson Avenue, LLC | | |
| Mailing Address: | 91 South Main Street | | |
| City: | Wallingford | State: | CT |
| Zip Code: | 06492 | Country: | United States |

### Judgment Information

| | |
|---|---|
| Court in which Judgment was Rendered: | United States District Court - District of Connecticut |
| Date of Judgment: | 04/26/2024 |
| Original Judgment Amount: | $2,152,787 |
| Amount Due: | $2,152,787 |



# Secretary of the State of Connecticut
# Judgment Lien Certificate

Personal Property on which lien is Placed: All non-exempt personal property now owned or hereafter acquired by the Judgment Debtor.
Filed with the Secretary of the State of Connecticut.

## Acknowledgement

I hereby certify and state under penalties of false statement that all the information set forth on this document is true.

I hereby electronically sign this document on behalf of:

Name of Judgment Creditor: 145 Sisson Avenue, LLC
Filer Name:             Katherine Camara
Filer Signature:        Katherine Camara
Execution Date:         5/8/2024 4:16:33 PM
*This signature has been executed electronically.*

Case 3:23-cv-00903-MPS   Document 60   Filed 06/20/24   Page 7 of 7
Business.CT.gov - Filing Number: 0005213525 - Filing Date: 5/8/2024 4:16:33 PM
Case 3:23-cv-00903-MPS   Document 54   Filed 04/26/24   Page 1 of 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

145 SISSON AVENUE, LLC
                Plaintiff

vs.

ARON PURETZ                                 CASE NO. 3:23CV903 (MPS)
                Defendant

## DEFAULT JUDGMENT

The defendant having failed to appear, plead, or otherwise defend in this action and a default under F.R.C.P. 55(a) having been entered on September 1, 2023, and

The plaintiff having filed on November 16, 2023 a third motion for default judgment pursuant to the provisions of Rule 55(b)(1) of the F.R.C.P., and after an Evidentiary hearing held on April 24, 2024, the court having granted the motion on April 25, 2024 in the amount of $2,152,787,36; it is hereby

ORDERED, ADJUDGED and DECREED that the judgment be and is hereby entered in favor of the plaintiff in the amount $2,152,787.36.

Dated at Hartford, Connecticut, this 26th day of April 2024.

, Clerk

By /s/ Devorah Johnson
Devorah Johnson
Deputy Clerk

EOD 4/26/24