UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 145 SISSON AVENUE, LLC<br><br>    PLAINTIFF<br><br>V.<br><br>ARON PURETZ<br><br>    DEFENDANT | CIVIL ACTION NO.:<br><br>3:23-CV-00903-MPS<br><br><br><br>AUGUST 6, 2024 |

## MOTION FOR AN ORDER OF COMPLIANCE

Pursuant to FRCP 37(a)(1) and FRCP (a)(3)(B)(iii), Plaintiff 145 Sisson Avenue, LLC moves for an order of compliance against Defendant Aron Puretz for the following reasons:

  1. Plaintiff issued a set of requests for production on June 27, 2024 to Defendant (attached as Exhibit 1).

  2. Plaintiff received no response to the requests for production even though more than 30 days have passed.

  3. Plaintiff issued the standard post-judgment interrogatories to Defendant on June 18, 2024 (attached as Exhibit 2).

  4. Plaintiff received no response to the standard post-judgment interrogatories, even though more than 30 days have passed.

5. No objections are allowed to the standard post-judgment interrogatories because they were drafted by the Connecticut Judicial Department.

6. Plaintiff has never received a response from Defendant and does not have a telephone number to contact him. Therefore, Plaintiff has no way to discuss Defendant's failure to respond to discovery with him.

7. Based upon the Department of Justice press release attached as Exhibit 3, Aron Puretz is alive.

8. Plaintiff registered its judgment in the United States District court for the District of New Jersey on June 4, 2024 (#2:24-mc-00038-JKS).

Therefore, the motion for an order of compliance should be granted and Defendant Aron Puretz should be ordered to answer the requests for production and the standard post-judgment interrogatories forthwith on a date certain.

_____
Houston Putnam Lowry, Esq.
Counsel for Plaintiff 145 Sisson Avenue, LLC
FORD & PAULEKAS, LLP
280 Trumbull Street – Suite 2200
Hartford, CT 06103
Direct: (860) 808-4213
Mobile: (860) 543-4372
Fax: (860) 249-7500
Email: PTL@HPLowry.com
Federal Bar # CT05955

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the attached was mailed on this 6th day of August, 2024 to:

Aron Puretz
43 Fenway Circle
Staten Island, New York 10308-1240

Aron Puretz
11 Forest Drive
Lakewood, NJ  08701

_____
Houston Putnam Lowry, Esq.

- 3 -

G:\2433 Constitution Credit LLC\007 South Green Prtfolio v. Paxe Sisson CT Lmtd Partnership loan\Federal-145 Sisson Guranty action\145 Sisson v. Guarantor  MFOC 2024-08-06.doc

# EXHIBIT 1

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| 145 SISSON AVENUE, LLC | )<br>)<br>) |
| PLAINTIFF | ) CIVIL ACTION NO.:<br>) |
| V. | ) 3:23-CV-00903-MPS<br>) |
| ARON PURETZ | )<br>)<br>) |
| DEFENDANT | )<br>) JUNE 27, 2024 |

## PLAINTIFF'S FIRST SET OF POST-JUDGMENT
## REQUESTS FOR PRODUCTION

Pursuant to FRCP 34 as incorporated by FRCP 69(a)(2), Plaintiff 145 Sisson Avenue, LLC requests Defendant Aron Puretz produce the following within thirty (30) days at the law offices of Ford & Paulekas, LLP, 280 Trumbull Street, Suite 2200, Hartford, Connecticut:

### REQUESTS FOR PRODUCTION

1. The limited partnership agreement and all updates for Hoyt Bedford Limited Partnership.

2. The articles of organization and all updates for Hoyt Bedford Manager LLC.

3. The operating agreement and all updates for Hoyt Bedford Manager LLC.

4. The articles of organization and all updates for Apex Equity Group LLC.

5. The operating agreement and all updates for Apex Equity Group LLC.

6. The limited partnership agreement and all updates for Paxe Hartford Portfolio Limited Partnership.

7. The articles of organization and all updates for Paxe Hartford Portfolio GP LLC.

8. The operating agreement and all updates for Paxe Hartford Portfolio GP LLC.

9. The limited partnership agreement and all updates for Paxe Garden Limited Partnership.

10. The articles of organization and all updates for Paxe Garden GP LLC.

11. The operating agreement and all updates for Paxe Garden GP LLC.

12. The limited partnership agreement and all updates for Clemens Place CT Limited Partnership.

13. The articles of organization and all updates for Clemens Manager LLC.

14. The operating agreement and all updates for Clemens Manager LLC.

15. The articles of organization and all updates for Asylum Hill Apt LLC.

16. The operating agreement and all updates for Asylum Hill Apt LLC.

- 2 -

17. The limited partnership agreement and all updates for FHTDD, LP.

18. The articles of organization and all updates for FHT Manager, LLC.

19. The operating agreement and all updates for FHT Manager, LLC.

```
                                    _____
                                    Houston Putnam Lowry, Esq.
                                    Counsel for Plaintiff 145 Sisson Avenue,
                                                          LLC
                                    FORD & PAULEKAS, LLP
                                    280 Trumbull Street - Suite 2200
                                    Hartford, CT 06103
                                    Direct: (860) 808-4213
                                    Mobile: (860) 543-4372
                                    Fax: (860) 249-7500
                                    Email: PTL@HPLowry.com
                                    Federal Bar # CT05955
```

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the attached was mailed on this 27th day of June, 2024 to:

Aron Puretz
43 Fenway Circle
Staten Island, New York 10308-1240

Aron Puretz
309 Miller Road
Lakewood, NJ 08701-2338

Aron Puretz
963 Armstrong Avenue
Staten Island, NY 10308

- 3 -

Aron Puretz
411 Ridgewood Avenue
Staten Island, NY 10312

Aron Puretz
382 Bartlett Avenue
Staten Island, NY 10312

Aron Puretz
390 Bartlett Ave
Staten Island, NY 10312

Aron Puretz
99 Sweetbrook Road
Staten Island, NY 10312

_____
Houston Putnam Lowry, Esq.

- 4 -

# EXHIBIT 2

| | | | |
|---|---|---|---|
| **POST JUDGMENT REMEDIES INTERROGATORIES**<br>JD-CV-23 Rev. 11-10<br>Gen. Stat. §§ 52-321a, 52-351b, 52-352b,<br>52-361a, 52-361b, 52-400a, 52-400c | **STATE OF CONNECTICUT<br>SUPERIOR COURT**<br>www.jud.ct.gov | |  |

**Form JD-CV-23a must be attached to this form**

| | | |
|---|---|---|
| [X] Judicial District  [ ] Housing Session  [ ] Geographical Area number _____  At **US District Court of Connecticut** | | Docket number<br>**3:23-CV-00903-MPS** |
| Address of court *(Number, street, town, and zip code)*<br>**450 Main Street, Suite A012, Hartford, CT 06103** | | |
| Date of judgment<br>**04/25/2024** | Original amount of judgment<br>**$2,152,787.36** | Amount due on the judgment<br>**$2,152,787.36** |
| Name of creditor *(Person or business judgment is for)*<br>**145 Sisson Avenue, LLC** | Address of judgment creditor *(Street and town)*<br>**91 South Main Street, Wallingford, CT 06492** | |
| Name of judgment debtor *(Person or business judgment is against)*<br>**Aron Puretz** | Address of judgment debtor *(Street and town)*<br>**43 Fenway Circle, Staten Island, NY 10308-1240** | |
| Name and address of person believed to have assets of judgment debtor *(If applicable)*<br>**Aron Puretz - 43 Fenway Circle, Staten Island, NY  10308** | | |
| Date interrogatories were served *(Delivered)*<br>**06/18/2024** | Name and address of person that interrogatories must be returned to<br>**Houston Putnam Lowry, Esq., 280 Trumbull Street, Floor 22, Hartford, CT 06103** | |

### Instructions To:

*Judgment Creditor:*
Put an "X" in the box next to the questions to be answered on form JD-CV-23a that is attached to this form.
*Person who received interrogatories:*
Answer the questions indicated by an "X" on form JD-CV-23a that is attached to this form. You must give information that you have about the assets of the judgment debtor up to an amount clear enough to satisfy the judgment indicated by the "Amount due on the judgment" above. Place your answers in the space provided on the form. If you need more space to answer the questions, use the space on the back of form JD-CV-23a or attach additional sheets to this form.

### Notice

**Do not file the interrogatories, the notice of interrogatories or the objections to the interrogatories with the court.** The person who received these interrogatories must answer and return them within 30 days of the date of their service (delivery) to the person named above.

If the person who received these interrogatories does not answer and return them within 30 days or does not within 30 days disclose assets of the judgment debtor that are enough for execution, or if the person who received the interrogatories objects within 30 days, the judgment creditor may ask the court for additional discovery orders that may be necessary to make sure that disclosure is made including (1) an order for compliance with the interrogatories or (2) an order authorizing additional interrogatories. The judgment creditor may ask for and get discovery, including the taking of depositions, from any person served with interrogatories under the procedures for discovery in civil actions without the court ordering it. The court may order additional discovery as justice requires. If the person asked for discovery does not disclose the judgment debtor's assets, that person may be held in contempt of court. Attorney's fees may be allowed for counsel at a contempt hearing necessary to enforce a court order and for counsel at any discovery hearing required because these interrogatories were not answered.

### Notice Of Rights To Person Served

1. Under Section 52-351b of the General Statutes, you must disclose information about the amount, nature and location of the judgment debtor's assets up to an amount clearly enough in value for full satisfaction of the judgment with interest and costs.

2. Under subsection (d) of Section 52-351b of the General Statutes, any party who must disclose information about the judgment debtor's assets may apply to the court to be protected from annoyance, embarrassment, oppression or undue burden or expense.

3. Certain personal property of the judgment debtor is exempt from execution (cannot be used to satisfy judgment). The following list is a description of common types of property that are exempt from execution from a judgment debtor who is a natural person. (Section 52-352b of the General Statutes).

    (a) Apparel, bedding, foodstuffs, household furniture and appliances that are needed by the judgment debtor to live;
    (b) Tools, books, instruments, farm animals and livestock feed that are needed by the judgment debtor in the course of his or her occupation, or profession, farming operation or farming partnership;
    (c) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;

*(Continued on page 2)*

(d) Health and disability insurance payments;
(e) Health aids that are needed by the judgment debtor to work or to keep healthy;
(f) Worker's compensation, social security, veterans and unemployment benefits;
(g) Court approved payments for child support;
(h) Arms (weapons) and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;
(i) One motor vehicle worth up to $3,500.00. The value of the motor vehicle must be determined as the fair market value of the motor vehicle minus the amount of all liens and security interests which are on it;
(j) Wedding and engagement rings;
(k) Residential utility deposits for one residence and one residential security deposit;
(l) Any assets or interests of a judgment debtor in, or payments received by the judgment debtor from, a plan or arrangement described in Section 52-321a of the General Statutes, including, but not limited to, certain trust or retirement income or certain retirement, education, or medical savings accounts;
(m) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under Section 52-361a of the General Statutes;
(n) An award under a crime reparations act;
(o) All benefits allowed by any association of persons in this state to support any of its members that are incapacitated by sickness or infirmity from attending to his or her usual business;
(p) All moneys that are owed to the judgment debtor from any insurance company on any insurance policy on exempt property, up to the same amount that the property was exempt;
(q) Burial plot for the judgment debtor and his or her immediate family;
(r) Transfers of money that cannot be taken back (revoked) to an account held by a debt adjuster licensed under Sections 36a-655 to 36a-665 of the General Statutes for the benefit of creditors of the judgment debtor;
(s) Any interest of the judgment debtor in any property worth not more than $1,000.00;
(t) Any interest of the judgment debtor worth not more than $4,000.00 in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the judgment debtor under which the insured is the judgment debtor or is an individual who the judgment debtor is a dependent of; and
(u) The homestead (home) of the judgment debtor worth not more than $75,000.00, or, in the case of a money judgment arising out of services provided at a hospital worth not more than $125,000.00, the value must be determined as the fair market value of the real property minus the amount of any statutory or agreed on (consensual) lien which is on the property.

**INSTRUCTIONS**

**JUDGMENT CREDITOR:** Complete Name of Case and Docket No., put an "X" in the box next to the items to be answered.
**PERSON SERVED WITH INTERROGATORIES:** Answer the questions indicated by ☒ . You must disclose assets of the judgment debtor up to an amount clearly sufficient to satisfy the judgment indicated by the "Amount Due Thereon" on the attached form JD-CV-23. Place answers in space provided on this form. If you need more room to answer these questions, use the space on page 2 of attached form JD-CV-23 or attach additional sheets. You must answer the questions and return them to the person named on attached form JD-CV-23 within thirty days of the date of service.

| NAME OF CASE | DOCKET NO. |
|---|---|
| 145 Sisson Avenue, LLC vs. Aron Puretz | 3:23CV903(MPS) |

## I. JUDGMENT DEBTOR

☒ STATE YOUR NAME, ADDRESS, AND TELEPHONE NO.

☒ Are you presently employed?  ☐ NO  ☐ YES *(If yes, complete the information below)*

NAME, ADDRESS, AND TELEPHONE NO. OF YOUR EMPLOYER

YOUR JOB TITLE OR POSITION

NAME, ADDRESS OF EACH BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON HAVING RECORDS OF SALARIES OR OTHER SUMS OF MONEY PAID TO YOU BY YOUR PRESENT EMPLOYER

IF YOU RECEIVE ADDITIONAL COMPENSATION FOR OVERTIME, STATE (1) RATE OF OVERTIME PAY AND (2) THE AVERAGE NO. OF HOURS OF OVERTIME YOU WORK PER WEEK

STATE THE DATE ON WHICH YOU ARE PAID FOR BOTH REGULAR AND OVERTIME WORK

☒ Are you receiving any income from any source not disclosed in your answers to the foregoing questions?  ☐ NO  ☐ YES *(If yes, complete the information below)*

| STATE THE SOURCE(S) OF SUCH INCOME | AMOUNT RECEIVED EACH WEEK |
|---|---|

IF THERE ARE ANY PAYMENTS DUE FROM THE ABOVE SOURCE STATE (1) THE AMOUNT DUE AND (2) NAME AND ADDRESS OF PARTY FROM WHOM IT IS DUE

☒ List all banks, savings and loan associations, credit unions or other financial institutions in which you maintain an account of any kind, giving in your answer the following: *(You need only disclose assets clearly sufficient to ensure full satisfaction of the judgment with interest and costs.)*

| NAME AND ADDRESS OF INSTITUTION | | NAME AND ADDRESS OF INSTITUTION | |
|---|---|---|---|
| NAME IN WHICH ACCOUNT IS HELD | | NAME IN WHICH ACCOUNT IS HELD | |
| ACCOUNT NO. | PRESENT BALANCE ($) | ACCOUNT NO. | PRESENT BALANCE ($) |
| IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) | | IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) | |

☒ List all nonexempt personal property in which you have an interest, whether legal or beneficial, which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs, including but not limited to (a) cash on hand, (b) household goods and supplies and furnishings, (c) stamp and/or coin collections and other collections, (d) wearing apparel, (e) jewelry, (f) watches, (g) automobiles, (h) trucks, (i) trailers or other motor vehicles, (j) boats, motors and accessories. As to each such item of property give the precise description and location, the approximate value of such property and whether or not such property is subject to any form of security interest, lien or encumbrance. If so, state the name and address of such holder of a security interest, lien or encumbrance, the nature of the instrument evidencing the same and the amount of the instrument. *(If additional space is necessary, attach a separate sheet to this form.)*

☐ State whether any of your nonexempt personal property is in the hands of a third person. If so, describe the property involved, the person or persons so holding the property, the reason the property is so held and any consideration that may have passed therefor.

☒ List all real estate in your name which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs *(where possible give street address).*

☒ List your accounts receivable which in total value are clearly sufficient to ensure full satisfaction of the judgment with interest and costs giving a) the name of the party, b) the amount owed, and c) the date the debt was incurred. *(If additional space is needed, attach a separate sheet to this form.)*

## II. EMPLOYER

☐ Is the Judgment Debtor employed by you?   ☐ NO   ☐ YES *(If yes, complete the information below)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| EMPLOYEE'S NORMAL WORKING HOURS | EMPLOYEE'S GROSS SALARY PER HOUR, WEEK, MONTH, OR YEAR |
| THE DATES ON WHICH EMPLOYEE IS PAID FOR BOTH REGULAR AND OVERTIME WORK | |
| NAME, ADDRESS, AND TELEPHONE NO. OF THE BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON WHO DISBURSES EMPLOYEE'S WAGES OR SALARY | |

## III. FINANCIAL INSTITUTION

☐ Does the Judgment Debtor maintain an account of any kind with your institution?   ☐ NO   ☐ YES

*(If yes, complete the information below. You may disclose only whether you hold funds of the judgment debtor on account and the balance of such funds if so held, up to the amount necessary to satisfy the judgment.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| NAME, ADDRESS, AND TELEPHONE NO. OF YOUR INSTITUTION | |
| ACCOUNT NO. OF EACH ACCOUNT | NAME IN WHICH THE ACCOUNT IS HELD |
| PRESENT BALANCE IN EACH ACCOUNT | |
| IF JOINT ACCOUNT, THE NAME AND ADDRESS OF THE OTHER PERSON(S) | |

## IV. THIRD PERSON IN POSSESSION OF JUDGMENT DEBTOR'S PROPERTY

☐ Are you in possession of nonexempt personal property belonging to the judgment debtor?   ☐ NO   ☐ YES
*(If yes, complete the following information.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. |
|---|
| DESCRIBE THE PROPERTY, THE REASON YOU ARE HOLDING IT AND ANY CONSIDERATION THAT MAY HAVE PASSED FOR YOUR HOLDING THE PROPERTY. |
| LOCATION OF THE PROPERTY |

## V. SIGNATURE OF PERSON COMPLETING THIS FORM OR AUTHORIZED AGENT

☒ NOTE: Interrogatories served on a judgment debtor shall be signed by such debtor under penalty of false statement.

| SIGNED *(Person completing form or authorized agent)* | PRINT NAME OF PERSON SIGNING AT LEFT | DATE SIGNED |
|---|---|---|

JD-CV-23a (Page 2 of 2) Rev. 6-2000

# EXHIBIT 3



PRESS RELEASE

# Real Estate Investor Pleads Guilty to $54.7M Mortgage Fraud Conspiracy

Monday, June 17, 2024

**For Immediate Release**

U.S. Attorney's Office, District of New Jersey

TRENTON, N.J. – A New Jersey man pleaded guilty today to engaging in an extensive, multi-year conspiracy to fraudulently obtain over $54.7 million in loans and to fraudulently acquire multifamily and commercial properties.

According to court documents, between 2016 and 2022, Aron Puretz, 53, conspired with others to deceive lenders into issuing multifamily and commercial mortgage loans. Puretz and his conspirators provided the lenders with fictitious documents, including purchase contracts with inflated purchase prices, fake financial statements, and other fraudulent documents. Puretz was an employee of Apex Equity Group, a real estate investment and advisory firm, and one of the owners of Maple Lawn in Eureka, Illinois, and Big Country Chateau in Little Rock, Arkansas, both multifamily properties, and Troy Technology Park in Troy, Michigan, a commercial property.

In February 2017, Maple Lawn was acquired for $4.1 million. However, Puretz and his conspirators from Apex Equity Group utilized the identity of a conspirator to present a lender and Freddie Mac with a purchase and sale contract for $5.8 million and other fraudulent documents. On Feb. 17, 2017, a title and settlement company based in Lakewood, New Jersey, performed two closings, one for the true $4.1 million sales price and another for the fraudulent $5.8 million sales price presented to the lender. Part of the conspiracy was to

create a nonprofit entity, JPC Charities, for the purpose of receiving tax-exempt status for the properties owned by Puretz and co-conspirators. Puretz and his conspirators provided false statements to the city of Eureka, Illinois, to receive a property tax exception.

In July 2019, Puretz and his conspirators acquired Big Country Chateau. However, Puretz knew the lender and Freddie Mac would not approve him as an owner, and used the identity of an associate instead of his own. Puretz hid his ownership and involvement with the property management company from the Department of Housing and Urban Development and other federal and state agencies.

In September 2020, Troy Technology Park was acquired for $42.7 million. However, Puretz and his co-conspirators presented the lender with a fraudulent purchase and sale contract for $70 million. To support the inflated purchase price, Puretz and his conspirators submitted to the lender and appraiser a fraudulent letter of intent to purchase the property from another party for $68 million and other fraudulent documents. To conceal the fraudulent nature of the transaction, Puretz and his conspirators arranged for a short-term $30 million loan, which was used to make it appear that they had the funds needed to close on the loan. On Sept. 25, 2020, a title and settlement company based in Lakewood, New Jersey, performed two closings, one for the true $42.7 million sales price and another for the fraudulent $70 million sales price presented to the lender.

Puretz pleaded guilty to one count of conspiracy to commit wire fraud affecting a financial institution. He is scheduled to be sentenced on Oct. 30, 2024, and faces a maximum penalty of five years in prison. A federal district court judge will determine any sentence after considering the U.S. Sentencing Guidelines and other statutory factors.

U.S. Attorney Philip R. Sellinger for the District of New Jersey; Principal Deputy Assistant Attorney General Nicole M. Argentieri, head of the Justice Department's Criminal Division; Inspector General Brian M. Tomney of the Federal Housing Finance Agency Office of Inspector General (FHFA-OIG); and Postal Inspector in Charge Eric Shen of the U.S. Postal Inspection Service's (USPIS) Criminal Investigations Group made the announcement.

FHFA-OIG and USPIS are investigating the case.

Assistant U.S. Attorney Martha Nye for the District of New Jersey and Trial Attorney Siji Moore of the Criminal Division's Fraud Section are prosecuting the case.

*Updated June 17, 2024*