## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 145 Sisson Avenue, LLC<br>*Plaintiff* | : | CIVIL ACTION NO.:<br>3:23-CV-0903 |
| v. | : | |
| Aron Puretz<br>*Defendant* | : | SEPTEMBER 22, 2025 |

### MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

Pursuant to Fed. R Civ. P. 65(b), the third parties, Clemens Manager LLC and Clemens Place CT, LP (sometimes collectively referred to as "Clemens"), hereby move the court for an emergency temporary restraining order immediately prohibiting the plaintiff, 145 Sisson Avenue, LLC, from taking any further action against Clemens Place in furtherance of, or pertaining to, the turn over order issued by the court on August 25, 2025 (ECF No. 81).

In furtherance of this motion, Clemens represents as follows:

1. On August 26, 2025, this court issued a written order directed to Clemens Manager, LLC and Clemens Place CT, LP, mandating that any ownership interest in either entity owned held by the defendant Aron Puretz must be turned over to the Plaintiff.

2. Clemens Manager LLC, a New Jeresy limited liability company that is duly registered in the state of Connecticut. Clemens Manager LLC is the general partner of Clemens Place CT, LP.

3. At all times relevant hereto, David Helfgott was, and still is, the sole member of Clemens Manger LLC. A copy of the most recent filing with Connecticut Secretary of State is attached hereto as Exhibit "A."

4. On or about September 4, 2025, undersigned counsel contacted plaintiffs' counsel to advise him that Clemens had just recently received notice of the turn over order and that Aron Puretz did not hold an ownership interest in either Clemens Place CT, LP or its general partner, Clemens Manager, LLC. Undersigned counsel further represented that Clemens would provide the Plaintiff with any available documentation substantiate the foregoing.

5. On or about September 11, 2025, Clemens provided the Plaintiff with the 2024 tax returns for Clemens Place CT, LP which evidence that Mr. Puretz was not a partner thereto. The Plaintiffs was further advised that Clemens was still actively attempting to locate the partnership agreement and would voluntarily provide the Plaintiff with any additional information it could concerning further substantiating that Mr. Puretz does not hold any ownership interest in Clemens so there was nothing that could be "turned over" to the Plaintiff.

6. On September 22, 2025 a Connecticut State Marshal arrived at the apartment complex owned by Clemens with a copy of this court's turn over order stating that he was authorized to forcibly remove Clemen's administrative staff from the apartment complex because it had a new owner.

7. In support of the Marshal's representation, Clemens' staff was shown a copy of a quit claim deed, dated and recorded on September 5, 2025, in the City of Hartford Land Records. A copy of said quitclaim deed is attached hereto as Exhibit B.

8. Said quitclaim deed purports to convey an apartment complex with approximately one hundred units, from Clemens Place CT, LP to Clemens Place REO, LLC.

9. Clemens Place REO, LLC is a domestic Connecticut limited liability company that was created by Kyle O'Hehir on September 5, 2025. Mr. O'Hehir is listed as the sole member of

said limited liability company. A copy of the filing with the Connecticut Secretary of State substantiating the foregoing is attached hereto as Exhibit "C."

10. Said quitclaim deed was signed by Kyle O'Hehir, purporting to be acting on behalf of Clemens Manager, LLC, which was acting as the general partner of Clemens Place CT, LP.

11. However, this representation in the quitclaim deed is demonstrably false. As shown in the Connecticut Secretary of State records, David Helfgott has always been the sole member of Clemens Manager, LLC. In fact, Mr. Helfgott does not even know who Mr. O'Hehir is.

12. Mr. O'Hehir had absolutely no legal authority to execute the quitclaim deed on behalf of Clemens Manager LLC, nor is there any basis to believe he ever had such authority.

13. Thus, Mr. O'Hehir fraudulently executed the quitclaim deed in attempt to steal Clemens' property, presumably based upon the court's turn over order.

14. Therefore, if the Plaintiff is not immediately restrained from taking any other action in further of the court's turn over order as it pertains to Clemens, Clemens will suffer irreparable harm.

15. An affidavit of David Helfgott, the sole owner of Clemens Manager LLC, attesting the foregoing facts, is attached hereto in support hereof.

WHEREFORE, Clemens Manager LLC and Clemens Place CT, LP hereby move the court for an emergency temporary restraining order immediately prohibiting the plaintiff from taking any further action against Clemens Place in furtherance of, or pertaining to, the turn over order issued by the court on August 25, 2025.

CLEMENS MANAGER LLC
CLEMENS PLACE CT, LP

By:_____/s/_____
Matthew S. Carlone
Terk & Carlone, LLC
81 Wolcott Hill Road
Wethersfield, CT 06109
Fed. Bar No. CT9094
Juris No. 432761
MCarlone@Terkcarlone.com

**Certification of Service**

I hereby certify that on September 22, 2025, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:_____/s/_____
Matthew S. Carlone
Terk & Carlone, LLC
81 Wolcott Hill Road
Wethersfield, CT 06109
Fed. Bar No. CT9094
Juris No. 432761
MCarlone@Terkcarlone.com